The opinion of the court was delivered by

Mr'. Justice Colcockv
In this case, the plaintiff claimed under a grant which cov-«red the possession of the defendant; but the defendants possession was within the lines of a grant older than that of the plaintiff. It was contended by plaintiff’s counsel, that a possession of a part is a possession of the whole; and that as the defendant’s possession was within plaintiff’s lines, he plaintiff *70 ought to recover! To this, it was replied, that under the plea of not guilty, the plaintiff must shew a trespass; and that as defendant’s possession was under an older grant than plaintifi’s, the plaintiff's lines must be bounded by such older grant: Therefore, no trespass could be proved. A verdict was found for the defendant, and an appeal was brought up on the ground of misdirection of the presiding judge, on this point; and also on other grounds, which are not considered as having any bearing on the point on which the whole case turned. Much evidence was given as to the title to the grant oa which defendant lived; but it is unnecessary to take notice of that. The only point for determination is, whether the plaintiff’s possession is to extend to the lines of his grant where these lines conflict with an older grant. It is conceded that a possession of a part is a possession of the whole. Bat what is the whole? How far shall the plaintiff’s grant extend? ' His lines must he hounded by those of the older grant. He cannot be said to have possession of any £>f the land within the lines of the defendant’s grant, for his land ¿oes not extend so far, and possession of his own land cannot he converted into a possession of another’s land.
If the case had depended upon the plea of liberum tena-jtnentum alone, it might have been otherwise, for then it would have been a question who had tlie best title, and the defendants possession having been of short duration, the plaintiff might have recovered.
The motion is refused. —
Huger, Johnson, Mott, Richardson and Gantt, Justices, concurred.